UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ARMANDO CARRASCO-CHAVEZ )<br>Defendant. )<br>_____) | Case. No. 07 CR 839<br>Judge Harry D. Leinenweber |

**DEFENDANT ARMANDO CARRASCO-CHAVEZ'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT**

Comes Now Defendant Armando Carrasco-Chavez, by and through his undersigned counsel, Steven M. Levy, and, pursuant to Rule 32 (f) of the Federal Rules of Criminal Procedure respectfully files this response to the Presentence Investigation Report (hereinafter, the "PSR") prepared by Jennifer Cravatta, the United States Probation Officer in this case.

I.   Correction to the Presentence Report

In the Presentence Report, specifically, Part C. Offender Characteristics, defendant's father's name is listed as Clemente Carrasco-Mendoza. See, PSR, p. 7, 155-156. In fact, defendant's father's name is Clemente Carraco-Mendez.

II.   Suggested Additions to the Presentence Report

Defendant requests that the following information be included in Offender Characteristics Section of the Presentence Report:

1.  Defendant's father, Mr. Carrasco-Mendez had a stroke in 2007. Mr. Carrasco-Mendez has diabetes and is in poor health. See, Ex. 1.[1]

2.  The defendant has an extremely close relationship with his wife and children. The defendant provided love and financial support for his family. In a letter to the Court, Mrs. Ismaela Hernandez, the defendant's wife, writes that, "Mr. Carrasco (my husband)...has been a devoted man to his children and...myself, during the time he spent with his children and me, he showed me that he is a great parent...he gave his kids what they needed, as in financially,...He also gave everything as a husband". See, Exhibit 2. His children love him, and attached to this memorandum are three drawings and a note from his children which make clear their affection for him. See, Exhibit 3. The defendant returned to the United States to provide support for this family.

3.  The defendant, his wife and 2 children will relocate to Mexico to live as soon as he is released from incarceration. See, Ex. 2.

4.  The defendant's family in Mexico supports him. Attached to this memorandum are letters from his father and his sister, Xochitl Carrasco-Chavez, See, Exhibits 1 and 4. Xochitl has promised him work in a chocolate factory when he returns to Mexico.

---

[1] The original letters from Mr. Carrasco-Mendez, Ms. Xochitl Chavez, Antonio Carrasco-Chavez, Armando Carrasco-Chavez and the defendant are in Spanish. I am attaching the English language translation of the documents.

III. <u>Defendant Denies Shooting Alberto Gonzales/Part B. Criminal History</u>

In the Presentence Report, the Probation Officer writes that defendant shot Alberto Gonzalez in the abdomen. See, PSR p. 6, lines 114-115. Defendant denies that charge, and maintains he did not shoot Mr. Gonzalez.

IV. <u>Factors That Warrant Departure</u>

1. <u>Defendant is Not Likely to Commit Other Crimes</u>

Defendant's criminal history category has been determined to be V and is based on 12 criminal history points. Three points were assigned for committing an offense 9 years ago, when defendant was sixteen years old. Three more points were assigned for committing an offense when he was 19 years old. Two more points were assigned for committing the offense while on parole. 1 point was assigned because the offense was committed within two years of his release from jail. Six of the twelve points were incurred when the defendant was young. Three of the points were incurred because defendant wanted to be reunited with his wife and children in the United States.

Defendant is now 26 years old. He wants to return to Mexico and will stay in that country permanently. His family will move to Mexico to be with him, and his sister has a job for him in a chocolate factory. He is not likely to commit any other crimes. Defendant is deeply remorseful about his past conduct and will not repeat his mistakes. See, Defendant's letter to Court, Ex. 5.

The defendant's criminal history category should be adjusted downward pursuant to Section 4A1.3 (b)(1) of the sentencing guidelines because he is not likely to commit new crimes as he will be deported to Mexico, and will be with his family.

2.   <u>The Guideline Sentence is Excessive</u>

In this case, the Probation Officer's calculation that the base offense level is 8 is correct. See, U.S. S.G. Section 2L1.2.  As a result of Mr. Chavez's having been previously deported, the Probation Officer increased Mr. Chavez's base offense level by 16 levels, citing Section 2L1.2(b)(1) (A) of the Sentencing Guidelines.

Defendant Chavez objects to the sixteen level increase in his base offense level for the following reasons: (1) <u>The reasons for the sixteen level increase in the base offense level for unlawful re-entry are not set forth or justified in the Sentencing Guidelines Manual.</u>, and (2) <u>the increase is arbitrary and excessive</u>. (emphasis supplied)

18 U.S.C. Section 3553(a) provides, in pertinent part, that, "The court shall impose a sentence sufficient, but not greater than necessary...to provide just punishment for the offense".  In the present case, by mechanical application of the guidelines, based upon the unexplained, undefended sixteen level increase in the base offense level, defendant Chavez is subject to 70-87 months of imprisonment, rather than the initial 15-21 months.

Further, the proposed guideline sentence for Mr. Chavez is much greater than sentences similarly situated defendants receive in districts which have

fast track programs. Courts may consider the sentences given to defendants in similar circumstances. See, <u>United States v. Newton</u>, 428 F.3d 685, 688 (7th Cir. 2005) and 18 U.S.C. §3553 (b)(6).

The punishment is excessive, unjust and greater than necessary to provide just punishment for the offense.

3. <u>Family Circumstances Warrant a Departure from the Guidelines</u>

In the present case, defendant left Mexico and returned to the United States in order to be reunited with his wife and family. Defendant has a strong relationship with his wife and children. He has been a good father and a good provider. His father has had a stroke and is sick. His children are young and need his support and guidance. He has a good job waiting for him in Mexico.

18 U.S.C. Section 3553(b) provides that a sentencing court may depart from the guidelines when the judge finds, "...a mitigating circumstance of a kind...not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." The departures are also authorized by Section 5H1.6 of the Sentencing Guidelines. In order to seek and obtain a reduction under 5H1.6, a defendant's family circumstances need only be out of the ordinary. As noted by the Third Circuit in <u>United States v. Dominguez</u>, 296 F.3d 192,195 (3rd Cir. 2002),"...the circumstances of the case must simply place it outside the ordinary'...There is no requirement that the circumstances be *extra*-ordinary by any particular degree of magnitude."

The Seventh Circuit is in accord with the position taken by the Third Circuit in <u>Dominquez</u>. In <u>United States v. Owens</u>, 145 F.3d 923, 926(7th Cir.

1998), the defendant worked at an upholstery company and cared for his three children after school. He helped them with their homework. He had a good relationship with his children. Pursuant to 5H1.6, Judge McDade reduced the defendant's guideline range from 168 months to 120 months. The Seventh Circuit affirmed the reduction. The defendant's family circumstances which led to the reduction were just out of the ordinary.

In <u>United States v. Sclamo</u>, 997 F.2d 970 (1st Cir. 1993), the First Circuit approved a downward departure because the defendant had developed an important relationship with the son of a woman he had been living with for three years. The son had attention deficit hyperactivity disorder. The child viewed defendant as his stepfather and had developed a warm relationship with him. The court found that defendant had, "...a track record of steady and effective support of James (the son)...", and that the defendant's incarceration might harm the child. Id. at 974. In this case, defendant Cruz has a steady record of support for his parents. His parents now need his help.

In <u>United States v. Johnson</u>, 964 F.2d 124 (2nd Cir. 1992) The District Court gave a ten level reduction under guidelines because of defendant's family circumstances. The defendant in <u>Johnson</u> was the single parent of three young children and was also responsible for the young child of an institutionalized daughter. Id. at 129. The Court gave particular attention to the impact and the hardship that the defendant's incarceration would have on her family. Id. at 130. In affirming the reduction, the First Circuit Court of Appeals noted that, "The United States Sentencing Guidelines do not require a

judge to leave compassion and common sense at the door to the courtroom." Id. at 125.

The extraordinary nature of defendant Chavez's family circumstances justify a downward departure from the guideline range pursuant to Section 5H1.6 of the Sentencing Guidelines.

Respectfully submitted,

S/ Steven M. Levy
Steven M. Levy, Esq.
266 Rutledge Street
Gary, Indiana 46404
219-882-1071
Bar No. 1645897
Attorney for Defendant Chavez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in compliance with the Order of the United States District Court on Electronic Filing, a copy of the foregoing Defendant's Response was served by electronic means, this 22nd day of August, 2008 on Christopher R. McFadden, Assistant U.S. Attorney, Office of the United States Attorney, 219 S. Dearborn, 5th Floor, Chicago, Illinois 60604 and Ms. Jennifer Cravatta, U.S. Probation Officer, 55 E. Monroe-Suite 1500, Chicago, Illinois 60603.

S/ Steven M. Levy
Steven M. Levy, Esq.

MEXICO CITY, MEXICO, AUGUST 11, 2008

MR. HARRY D. LEINENWEBER

YOUR HONOR I SEND YOU GREETINGS

WITH ALL DEW RESPECT

I AM THE FATHER OF ARMANDO CARRASCO
I AM 66 YEARS OLD AND I AM ILL WITH
DIABETES, WITH BRONCHIAL PROBLEMS, THEY
PLACED TWO VALVES IN MY EYES AND LAST
YEAR IN SEPTEMBER OF 2007 I HAD A
STROKE

FOR SUCH REASON I ASK OF YOU A FAVOR IN THE
POLITEST WAY POSSIBLE THAT YOU FORGIVE MY
SON THAT YOU NOT SENTENCE HIM.
AND THAT YOU SEND HIM BACK TO MEXICO
BECAUSE I WILL BE WATTING FOR HIM
I HAVE ATTACHED A RECORD ABOUT MY ILLNESS

VERY GRATEFUL FOR YOUR ATTENTION

        SINCERELY
    CLEMENTE CARRASCO MÉNDEZ

EX. 1, P.1

[logo]   **MEXICAN HEARING AND LANGUAGE INSTITUTE**
R.V.O.E. MINISTRY OF PUBLIC EDUCATION BY AGREEMENT No. 85458 JUNE 24 1985
Av. Progreso 141—A. Col. Escandón, C.P. 11800, México, D.F., Tels. 52-77-64-44 52-77-65-20
Fax. 52-77-68-21
Web Page: www.imal.org.mx          E-mail: imal@imal.org.mx

Mexico City, Mexico, October 8, 2007

### REPORT ON EXAMINATIONS PERFORMED AT THE MHLC, A.C.

Mr. Clemente Carrasco Méndez
Mrs. Xóchitl Carrasco Chávez
Present

To inform you of the results and conclusions concerning the exams carried out at the MHLC.

**IDENTIFYING INFORMATION**
**Name:**                           Clemente Carrasco Méndez
**Place and date of birth:**        Oaxaca, Oaxaca, November 23, 1944
**Age on today's date:**            62 years old
**Reason for the consultation:**    language evaluation
**Referred by:**                    Dr. Minerva López Ruíz, General Hospital

**Background**

On August 3, 2007, Mr. Clemente Carrasco was admitted to the Neurology Department of Mexico's General Hospital, and Dr. Minerva López states the following:

Diagnosis when admitted: "diabetes mellitus type 2, stroke in the area of the middle cerebral artery (MCA), cervical abscess, NAC, IRC NKF 2 and systemic arterial hypertension."

"The patient is a 62-year-old male with the stated diagnoses now occurring together; he has been admitted because he presented with a cerebrovascular event in the area of the middle cerebral artery. On August 28th of 2007, the condition manifested, the reason for which he came to the emergency room. The patient was observed with partial pyramidal syndrome, with the corner of the mouth deviating to the left, with diminished muscular strength on the right half of the vertebral body at 3/5. The patient was also found to have a cervical abscess draining purulent matter, which has been treated with antibiotic therapy during his stay; a culture was taken, and the report indicated Klebsiella pneumoniae. A second culture taken post-treatment revealed no growth. Initial treatment was with ceftriaxone; nevertheless, because he presented with a dermal reaction, it was changed to imipanem; he has been on the latter for 10 days. A biopsy was also taken, which revealed plasma cell granuloma.
He is demonstrating progress after the cerebrovascular event, with muscular strength 4/5 and right facial paralysis; management through rehabilitation has begun.
During his stay he presented with a critical event involving generalized tonicoclonic convulsions, with no previous history. At the moment, these are treated with diazepam and impregnation with DFH, with no post-event presentation. The decision has been made to release him with interconsultation with the departments of internal medicine, neurology and rehabilitation.

On September 17, 2007, computed tomography of the cranium was performed at Mexico's General Hospital, single-phase with axial cross-sectional images, from the base to the convexity, and the following was observed:
Soft tissue and bone structures with no evidence of lesions.
No alterations in the structures of the posterior fossa were observed.
[p. 7]

[PHOTOCOPY OF APPARENT FRONT OF CARD]

EX. 1, P.2

[LOGO] FEDERAL ELECTORAL INSTITUTE
FEDERAL ELECTORAL REGISTRY
VOTER IDENTIFICATION CARD

NAME
CARRASCO AGE 47
MENDEZ SEX M
CLEMENTE

ADDRESS
C FRESNO 27
COL. SAN LORENZO TEZONCO 9780
IZTAPALAPA D.F.
[ILLEGIBLE] 13252416 YEAR REGISTERED 1991-0
VOTER I.D. NUMBER [LARGELY ILLEGIBLE]
[ILLEGIBLE] 09 [ILLEGIBLE]
[ILLEGIBLE] 007 [ILLEGIBLE] 0001 [ILLEGIBLE] 2894

[PHOTOCOPY OF APPARENT BACK OF CARD]

[LARGELY ILLEGIBLE—RUNNING PERPENDICULARLY UP THE LEFT EDGE OF THE APPARENT CARD IS THE NUMBER 289406757155]

July 28, 2008

Dear Judge Leinenweber,

First and most important I Mrs. Ismaela Hernandez, want to thank you for this brief time you are taking to read this letter. With this said I am going to go ahead and write on his behalf.

Mr. Carrasco (my husband), for the past years he has been a devoted man to his children, and I my self, during the time he spent with his children and me, he showed me that he is a great parent; not only did he gave his kids what they needed, as in financially, but as a good father, with his love, care and not to mention mentally wise... He also gave everything as a husband; hard working, caring a really depending man when it comes to anything to the household chores.

I, as well as our kids are in need of him, but do to the circumstances that have occurred he can no longer be with us, at this time. Yes, indeed he did not do as he was suppose not to come to the United States, but Judge we needed him; he is the support of the household, he is the father of my kids. I know that you have the last say, but God can change people, and my husband Mr. Carrasco is not any different, he was a great man I have said it over and over, humans make mistakes and this happen to him; we all deserve a second chance; and I believe he is allowed to get one. For many years that I have known him and shared time with him I have seen the changes his given to me as well as my children, for this and many other reasons I ask for you to be flexible and give him the less time, so we could start over again, but this time in my husband's country.

In conclusion, Judge Leineweber, once again I want to thank you for your time; I hope you consider my letter and understand that all we want is the best for our kids and if that is not enough just remember that God is our only solution, I am pretty positive that he will be there to support my husband as well as your last say in the day of sentencing.

Thank you.

Sincerely,

*Ismaela Hernandez*
Ismaela Hernandez

Subscribed and sworn to before me this 28th day of July of 2008.

*Sandra M. Leyva*
Sandra M. Leyva, Notary Public

Official Seal
Sandra M Leyva
Notary Public State of Illinois
My Commission Expires 03/19/2010

Ex. 2

[Translations, U.S. v. Armando Carrasco Chávez]

[p. 1]

Daddy I love you a lot and I want you to get out now.

I want to hug you now

Tony wants to see Daddy.
        Antonio Carrasco

[p. 2]

Daddy  I love you a lot

Antonio

    [Apparent tracing of child's hand]
Antonio Carrasco


[p. 3]

I love you Uncle
    Jaime

[Apparent tracing of child's hand]
      My nephew
      Jaime

[p. 4]
      Armando Carrasco
        Daddy I love you a lot
[Five drawings, apparently done by a child, including one of a ruler at page bottom]

Ex. 3

Papi te quiero mucho y yo quiero que salgas.

Ya te quiero abrazar.

Tony quiere ver a papi.

Antonio Carrasco

Papi te

quiere

mucho

Antonio



Antonio
Carrasco


mi sobrino Jaime

Armando Carrasco
papi tequero mucho



1 2 3 4 5 6 7 8 9 10 11 12

Ex. 3

Mexico City, Mexico, August 11, 2008

Honorable Judge Harry D. Leinenweber

By means of this letter I humbly ask your attention to implore and appeal to your great goodness and please intercede for my brother, so that you will allow him to go back to Mexico where my commitment will be to watch over, supervise and guide him so that he stays focused on the business that I am about to open in the Mexico City, a chocolate store. I will be responsible to see that he doesn't go back to the U.S. again. There is also a strong commitment on the part of my brother Armando Carrasco Chávez to work hard at the business and so be able to help our father, who is ill, and his therapy and medications are costly.

I plead with you with all my heart that you allow my brother to come back here.

I am at your esteemed service.
Xóchitl Carrasco Chávez
52-55 5519 82 6 [number cut off]

EX. 4